IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| TERRY DAVIS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:21-cv-00838-JM-JJV |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Terry Davis, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).  In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-four at the time of the administrative hearing.  (Tr. 43.)  He is a high school graduate and has past relevant work as a heavy truck driver.  (Tr. 21, 46.)

The Administrative Law Judge[2] (ALJ) found Mr. Davis has "severe" impairments in the form of "history of right ankle fracture status post open reduction internal fixation (ORIF) and wound debridement; left ear conductive hearing loss; lumbar and cervical degenerative changes status post L4-5 laminectomy; bilateral carpal tunnel syndrome and cubital syndrome, status post

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

right carpal tunnel and cubital release." (Tr. 12.) The ALJ next determined that Mr. Davis did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 15-17.)

The ALJ determined Mr. Davis had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 17.) Given this RFC, the ALJ determined Mr. Davis is no longer able to perform his past relevant work. (Tr. 21.) Therefore, the ALJ employed the services of a vocational expert to determine whether jobs existed that Mr. Davis could perform despite his impairments. (Tr. 65-68.) Based in part on the vocational expert testimony, the ALJ determined that Plaintiff was capable of performing the jobs of merchandise marker, photocopy machine operator, and routing clerk. (Tr. 22.) Accordingly, the ALJ determined Mr. Davis was not disabled. (*Id*.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-4.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this review. (Doc. No. 2.)

In support of his Complaint, Mr. Davis argues that the ALJ erred by not finding his peripheral vascular disease, angina pectoris, and edema of the lower extremities were "severe" impairments. (Doc. No. 10 at 5-13.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

3

>    (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>    (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
>       (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>       (2) Capacities for seeing, hearing, and speaking;
>       (3) Understanding, carrying out, and remembering simple instructions;
>       (4) Use of judgment;
>       (5) Responding appropriately to supervision, co-workers and usual work situations; and
>       (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

With regard to Plaintiff's peripheral vascular disease and angina pectoris, Mr. Davis argues the ALJ incorrectly based his determination on these impairments being "generally stable." (Tr. 14.) Plaintiff says an impairment being stable has no correlation to how it impacts his ability to perform work related activities. (Doc. No. 10 at 7.) The ALJ's use of the word "stable" comes directly from the treatment notes. Regardless of the word - "stable" - the fact of the matter is the ALJ's step two determination is supported by the medical evidence. Treating cardiologist, Lee A. Davis, Jr., M.D., reported only normal findings upon examining Plaintiff. (Tr. 391-398, 763-764, 788-789.) Diagnostic tests also returned normal findings. (Tr. 399-400, 811-812, 852.) Accordingly, the ALJ's step two determination is supported by substantial evidence.

Plaintiff also believes the ALJ erred at step two with regard to his edema. (Doc. No. 10 at 9-10.) Plaintiff says, "The ALJ similarly erred regarding Davis' edema of the lower extremities. The ALJ discussed this impairment in the context of the treatment rendered for Davis' right toe cellulitis only, and failed to properly consider or evaluate edema as a severe impairment. The ALJ found cellulitis not severe, but ignored making a determination as to the severity of edema

by itself." (*Id.* at 9.) The Commissioner counters that the ALJ did specifically address edema, (Tr. 13), and that the "ALJ correctly ascertained that because Plaintiff first reported edema in his lower extremities in May 2020 it failed to meet the durational requirement as has not lasted or is expected to last twelve months." (Doc. No. 11 at 7.) Plaintiff's treatment records showing edema in his lower extremities are from May 22, 2020. (Tr. 847.) So, I agree with the Commissioner on this point. More importantly, as the Commissioner notes, an ultrasound revealed "No evidence of lower extremity deep venous thrombosis." (Tr. 853.)

Mr. Davis also argues that the ALJ's RFC assessment is flawed. (Doc. No. 10 at 13-19.) He says, "Here, the ALJ failed to properly account for significant limitations involving Davis' ability to use his upper extremities. Davis is disabled in part, because of a combination of multiple physical impairments that all contribute to impacting his upper extremity capacities." (*Id.* at 14.)

After careful review, I find the ALJ's RFC assessment is supported by substantial evidence. Diagnostic tests support the ALJ's conclusion that he was capable of performing light work activities. (Tr. 486, 500.) And examination notes from Plaintiff's doctors also showed nothing disabling. And while William Harrison, M.D., rendered his opinion solely on review of the medical records, the ALJ could rely on his opinion that Plaintiff could perform light work when it was consistent with the overall medical evidence. (Tr. 20, 82-83.)

Without question, Plaintiff suffers from some degree of limitation. However, he has failed to meet his burden of proving he is completely disabled. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the light exertional level.

I realize there is some evidence in the record to support Plaintiff's claims. But it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Counsel for both sides have done exemplary work on behalf of their respective clients. Plaintiff has advanced other arguments which I find are without merit. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 28th day of March 2022.

                                                JOE J. VOLPE  
                                                UNITED STATES MAGISTRATE JUDGE